IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT-JOHN FOTI,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF MARIN et al.,<br><br>    Defendants._____/ | No. C 09-04167 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pro se Plaintiff Robert-John Foti has brought a section 1983 suit against the County of Marin and various individuals based on a traffic (bicycling) stop and arrest in 2007. Because his claims against Commissioner Beverly Wood are barred by judicial immunity, the Court GRANTS her motion to dismiss.

## BACKGROUND

According to the Complaint, Plaintiff was riding his bike in Forest Knolls, California, when his flashlight turned off. Cmplt. at ¶ 22. He stopped to turn the light back on when officer Jason Swift approached him and asked him his name. Id. Plaintiff refused to disclose his name, and told Swift he would not speak to him without counsel present. Id. Thus began a lengthy interaction in which Swift repeatedly told Plaintiff he was not free to leave, repeatedly asked Plaintiff his name, and, with the assistance of Sheriff Deputy Rebecca Leonard, a police officer from Fairfax, and Sergeant William Hernandez, searched Plaintiff for identification. Id. at ¶¶ 23-42. Swift eventually found an outstanding warrant for

Plaintiff. Id. at ¶¶ 38, 50. Plaintiff was handcuffed and arrested, and spent 14-16 hours in confinement. Id. at ¶¶ 50, 56, 57

Plaintiff asserts that at the time of his arrest, he had been unaware of the warrant. Id. at ¶ 51. He alleges that the warrant was void and that "the stink starts at the top, in this case [with Commissioner Beverly] Woods." Id. at ¶ 54. And he further alleges that "Woods issued [the] warrant without following statutory and due process requirements for doing so," and "without notice to [Plaintiff]." Id. at page 14-15.

He has brought suit under 42 U.S.C. § 1983 against the County of Marin, as well as Commissioner Beverly Wood, District Attorney Ed Berbarian, Sheriff Robert Doyle, Deputy Sheriff Jason Swift, Deputy Sheriff Rebecca Leonard, Sergeant William Hernandez, and an unnamed Fairfax police officer, all in their individual capacities.[1] Wood has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Mere conclusions in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).

---

[1] Plaintiff also named the spouses of each of the individual defendants, but the Court has already dismissed them from the case.

2

## DISCUSSION

Defendant Beverly Wood is a Commissioner for the Superior Court of California, County of Marin. Mot. at 1. Although she asserts four bases for her motion to dismiss, the Court will only address her claim of absolute judicial immunity. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). In California, judicial immunity applies to commissioners such as Defendant Wood. See Regan v. Price, 131 Cal. App. 4th 1491, 1495 (2005); Tagliavia v. County of Los Angeles, 112 Cal. App. 3d 759, 761 (1980). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 357 (1978). Two rules circumscribe absolute judicial immunity: first, immunity covers only those acts that are "judicial" by nature; second, a judge will be subject to liability only when he acts in the "clear absence of all jurisdiction." See O'Neil v. City of Lake Oswego, 642 F.2d 367, 369 (9th Cir. 1981) (citing Stump, 435 U.S. at 356-57 and 360-64).

Whether an act by a judge is a judicial one relates to (1) the nature and function of the act, i.e., "whether it is a function normally performed by a judge," and (2) "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. Issuing a warrant is a function normally performed by a judge, and nothing in the Complaint suggests that Wood issued the warrant in anything other than her judicial capacity. It is unquestionably a judicial act. See, e.g., Meek v. County of Riverside, 183 F.3d 962, 967 n.2 (9th Cir. 1999). Moreover, it would be a judicial act even if Wood's "exercise of authority was flawed by the commission of grave procedural errors." Stump, 435 U.S. at 359.

Whether the judge acted in the clear absence of all jurisdiction is also clear here. The Supreme Court has explained that "a probate judge, with jurisdiction over only wills and estates [who tries] a criminal case . . . would be acting in the clear absence of jurisdiction and would not be immune from liability," while "if a judge of a criminal court should convict a

defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." Id., 435 U.S. at 357 n. 7 (citing Bradley v. Fisher, 13 Wall. 335, 351, 20 L.Ed. 646 (1872)).

The judicial act that Plaintiff complains of – Wood issuing a procedurally improper warrant– was within Wood's jurisdiction as commissioner.  Similarly, the Ninth Circuit found in O'Neil, 642 F.2d at 369, that a pro tem municipal judge's "action in holding [the plaintiff] in contempt, an offense within his jurisdiction, although without the requisite papers to confer jurisdiction over this particular commission of the offense, is more analogous to a criminal court convicting for a nonexistent offense than to a probate court hearing a criminal case."  Indeed, in an earlier case brought by this same Plaintiff, the Ninth Circuit explained that a magistrate judge "was clearly acting within his subject matter jurisdiction when he conducted a probable cause hearing," and that "[a]t most, proceeding in the absence of a written, sworn complaint may be deemed a 'grave procedural error' that, pursuant to Stump, does not pierce the cloak of immunity."  See Foti v. County of San Mateo, 90 Fed. Appx. 488, 491 (9th Cir. 2003).  "[A]s long as the judge has jurisdiction to perform the 'general act' in question, he or she is immune 'however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff' and irrespective of the judge's motivation."  Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).

Because Wood's issuance of the warrant was both a judicial act and within Wood's jurisdiction as a commissioner, it is protected by judicial immunity.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Wood's motion to dismiss, with prejudice.

**IT IS SO ORDERED.**

Dated: January 15, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE